UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARVIN DEWITT WILLIAMS**                                                          **CIVIL ACTION**

**VERSUS**                                                                                                    **NO. 16-16594**

**FEDERAL EMERGENCY**                                                              **SECTION: "B"(1)**
**MANAGEMENT AGENCY, ET AL.**

## REPORT AND RECOMMENDATION

Plaintiff, Marvin Dewitt Williams, a state inmate, filed this federal civil action against the Federal Emergency Management Agency and other federal governmental entities. Because the bases of plaintiff's claims were unclear from the vague complaint, the Court held a Spears hearing on January 17, 2017.[1]

At that Spears hearing, plaintiff explained his claims as follows: In the aftermath of Hurricane Katrina in 2005, plaintiff received disaster aid payments from the Federal Emergency Management Agency ("FEMA"). He estimated that he received approximately $2000 per month for a period of eighteen months. In approximately 2009, FEMA notified plaintiff that he had received funds to which he was not entitled and, therefore, the agency intended to recoup those funds from him. He was in jail at that time; however, when he was released, his mother gave him the letter, and he wrote to FEMA to challenge the determination. In 2012 and 2013, FEMA then sent plaintiff additional letters again stating that he still owed the money, but he was again

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

incarcerated on those occasions. Plaintiff later earned money while participating in a jail work-release program, and he subsequently filed a federal income tax return in 2016 claiming a refund. However, the United States Department of the Treasury withheld $1,246 from the refund to repay a portion of the debt allegedly owed to FEMA. Plaintiff continued to write letters to various agencies to resolve the matter, but he received no response.

Based on this limited information, the facts of this case remain somewhat unclear. However, it appears that FEMA took steps to recoup funds from plaintiff based on a determination that the funds were paid to him in error. See 44 C.F.R. § 206.116(b) ("An applicant must return funds to FEMA and/or the State (when funds are provided by the State) when FEMA and/or the State determines that the assistance was provided erroneously, that the applicant spent the funds inappropriately, or that the applicant obtained the assistance through fraudulent means."). Federal law provides individuals a period of sixty days in which to appeal such recoupment efforts. See 44 C.F.R. § 206.115. If no appeal is filed in a timely manner, or if the appeal decision is adverse to the individual, FEMA issues a Letter of Intent advising the individual that he must either pay the debt or request a hardship review or a compromise of the debt. If the individual then fails to take such action within an additional sixty-day period, FEMA submits the debt to the United States Department of the Treasury. The Department of the Treasury is then allowed to pursue and collect on the debt in a variety of ways, including withholding federal funds (such as income tax refunds) to which the individual is otherwise entitled. See 26 U.S.C. § 6402(d). Based on the information plaintiff has provided, it appears this process was followed and the Department of the Treasury did in fact exercise its authority to withhold his 2016 income tax refund. Plaintiff now seeks this Court's assistance in resolving this dispute.

However, this Court must first examine the basis for federal subject matter jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); E.E.O.C. v. Agro Distribution, LLC, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). "'The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists.  Thus the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint.'"  Lowe v. Ingalls Shipbuilding, A Div. of Litton Systems, Inc., 723 F.2d 1173, 1177 (5th Cir. 1984) (quoting Wright, Miller & Cooper, Federal Practice and Procedure § 3522).  See also Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1, 665 F.2d 594, 595 (5th Cir. 1982) ("There should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress.  Further, the party claiming federal subject matter jurisdiction bears the burden of proving it." (citation and quotation marks omitted)).

Here, the basis for the Court's jurisdiction is not apparent.  Although plaintiff filed this lawsuit on a form to be utilized by prisoners filing federal civil rights actions, the case does not in fact allege a violation of his civil rights; rather, it is simply a dispute over an effort to collect a debt.  Moreover, plaintiff has not identified a proper basis for this Court to exercise jurisdiction over such a dispute, and the undersigned is unaware of a basis for such jurisdiction.

## RECOMMENDATION

It is therefore **RECOMMENDED** that this civil action be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of January, 2017.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**